28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adam KLUSEK, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70219.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided June 17, 1994.
 
 1
 Before: WIGGINS, THOMPSON, Circuit Judges and EZRA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 FACTS
 
 3
 Adam Klusek ("Petitioner"), while in Alaska to join a Polish fishing vessel, abandoned his assignment and filed for asylum in the United States. In his April 24, 1989, asylum application, he claimed that he had a well-founded fear of persecution if he returned to Poland due to his association with the Solidarity movement that was, at the time, clashing with the Communist regime in power in Poland. Petitioner described having been detained and abused by the Polish police for his Solidarity activities, including having fingers intentionally broken by the police. Not long after Petitioner's defection, however, the balance of power changed significantly in Poland.
 
 
 4
 The INS District Director denied Petitioner's application for asylum, relying on the opinion of the Department of State's Bureau of Human Rights and Humanitarian Affairs that Solidarity's political successes deprived Petitioner of any justifiable fear of persecution. The INS commenced deportation proceedings against Petitioner. The Immigration Judge concluded that Petitioner was deportable and that he was not eligible for either discretionary relief from deportation pursuant to Section 208 of the Immigration and Nationality Act (the "Act"), codified at 8 U.S.C. Sec. 1158(a), or mandatory relief under Section 243(h) of the Act, codified at 8 U.S.C. Sec. 1253(h). The Immigration Judge decided Petitioner had established neither that he had a "well founded fear of persecution," which would qualify him as a "refugee" under Section 101(a)(42) of the Act, codified at 8 U.S.C. Sec. 1101(a)(42)(A), nor that his life or freedom "would be threatened" in the country to which he was to be deported, which is the standard for withholding of deportation under 8 U.S.C. Sec. 1253(h). The Board of Immigration Appeals ("BIA") affirmed, concluding Petitioner's activities in Solidarity and difficulties with the Communist regime were no longer justification for the relief sought.
 
 
 5
 Petitioner appeals to this court, alleging factual error in the conclusion that he was not entitled to relief based on his past persecution, denial of due process by the consideration of the changed political circumstances in Poland, and an error of unspecified type due to failure to individualize the decision of his case. We have jurisdiction by virtue of 8 U.S.C. Sec. 1105a(a) and affirm.
 
 PAST PERSECUTION
 
 6
 Petitioner first argues that his treatment in Poland entitles him to discretionary relief from deportation because it was "unconscionable" and "atrocious" persecution. We review the BIA's factual determination that an alien seeking asylum has failed to prove well-founded fear of persecution for substantial evidence, and review the BIA's decision to deny withholding of deportation for substantial evidence. Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). In order "to obtain judicial reversal of the BIA's determination, [Petitioner] must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992).
 
 
 7
 Past persecution may be sufficient to establish that an applicant for asylum is a "refugee" eligible for discretionary relief from deportation. Desir v. Ilchert, 840 F.2d 723, 729 (9th Cir.1988). Petitioner does not controvert the conclusion that he has no "well-founded fear of persecution" upon return to Poland. Ordinarily, the determination that future persecution is unlikely precludes relief from deportation. Asylum may, however, be granted for "humanitarian" reasons where there is little likelihood of future persecution if "an applicant or his family has suffered 'under atrocious forms of persecution.' " Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993) (quoting In re Chen, Int.Dec. 3104, 1989 BIA LEXIS 10 (BIA 1989) (internal quotation omitted)). The rationale is that some individuals may be so badly abused that to return them to the site of their persecution would itself be abusive.
 
 
 8
 Petitioner has not established that he is eligible for such humanitarian relief. The worst abuse alleged by Petitioner was the breaking of fingers. While intentional infliction of such an injury is despicable and cruel, Petitioner falls well short of establishing that it would offend humanitarian sensibilities to expect him ever again to reside in Poland. We find no error in the BIA's conclusion that Petitioner was not eligible for relief from deportation pursuant to 8 U.S.C. Sec. 1158.
 
 ADMINISTRATIVE NOTICE
 
 9
 Petitioner next argues that he was deprived of due process by the Immigration Judge's and the BIA's notice of the changed political circumstances in Poland. See Castillo-Villagra v. INS, 972 F.2d 1017 (9th Cir.1992). We review taking of administrative notice by the Immigration Judge and BIA for an abuse of discretion; the agency's discretion must be exercised in a manner that is fair under the circumstances. Id. at 1028.
 
 
 10
 In Castillo-Villagra, this court concluded that due process was denied by the BIA's taking notice of dispositive facts after the hearing and without affording the petitioners either notice or opportunity to respond. Here, as in Acewicz, the Immigration Judge and BIA took administrative notice of the changes in Poland, as they were entitled to, but Petitioner was afforded an opportunity to attempt to establish at trial that his fear of persecution remained well-founded despite those changes. It should have been no surprise that the BIA also considered the facts upon which the Immigration Judge relied.
 
 
 11
 Petitioner seems to concede that the decision in Acewicz controls this issue, and devotes much of his argument to trying to persuade this court that Acewicz was wrongly decided and should be "reversed." That, of course, we cannot do. We conclude that Petitioner received the process due to him.
 
 INDIVIDUALITY OF DECISION
 
 12
 Finally, Petitioner argues that the Immigration Judge and BIA failed in their duty to assess the facts of his individual case, and instead "summarily" denied his application as on the basis of a general perception about the changed circumstances in Poland. As proof of this, Petitioner catalogs numerous cases in which Poles were recently denied asylum.
 
 
 13
 The fact that the same result is often repeated in deportations to Poland is not evidence of a faulty inquiry. Instead, it shows that citizens of Poland now generally need not fear persecution because of their religion, political beliefs, or social group. The Immigration Judge did consider the particular circumstances of, and evidence presented in, Petitioner's case. "I have carefully considered the credibility of the respondent's testimony. As to background information, I find it to be reasonable. However, with regard to the claim of persecution, I find that the evidence presented has been speculative, lacking in detail, and above all, failing to meet the case law requirement of specificity and focus so as to establish the basis of the persecution that is claimed." The BIA similarly considered, and found unconvincing, Petitioner's specific claims of fear of persecution. We find no impropriety in the handling of Petitioner's case.
 
 
 14
 Petition for review DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 Hon. David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4